IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TROY HANS JACKSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:26-CV-745-B-BW |
| | § | |
| CAMELL WATTS, et al., | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Amended Complaint, filed on May 26, 2026. (Dkt. No. 8.) Based on the relevant filings and applicable law, the Court should **DISMISS** this action with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.  BACKGROUND

Jackson filed this civil action on March 9, 2026. (*See* Dkt. No. 3.) On May 26, 2026, he filed an amended complaint against Defendants Camell Watts, John Peck JV Partners LLC, and Asset Living for violations of the Fair Housing Act, 42 U.S.C. §§ 3601-3619 ("FHA"). (*See* Dkt. No. 8.) Jackson's allegations stem from his tenancy at a residential property located in DeSoto, Texas. (*See id.* at 1-2.) Jackson states that he believes Defendant Watts is "an owner, operator, lessor, manager, or agent" associated with the property, Defendant John Peck JV Partners LLC is "an

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for judicial screening.

owner and/or operator" of the property, and Defendant Asset Living "participated in the management and operation" of the property.  (*Id.* at 1.)

According to Jackson, when he was a tenant at the residential property, he "suffered serious medical conditions and injuries that substantially limited one or more major life activities, including walking and climbing stairs."  (*Id.* at 2.)  Jackson notified Defendants about his medical limitations and impairments and requested accommodations multiple times based on those limitations and impairments.  (*See id.*)  His requested accommodations included "transfer to a lower-level unit" and "assignment of closer parking accommodations."  (*Id.*)  After Jackson's third request for accommodations, Defendants asked him for a medical verification.  (*See id.*)  Before Jackson could provide the requested medical verification, and approximately seven days after his third request for accommodations, Defendants issued Jackson an Advance Notice of Lease Termination and advised him that his lease would not be renewed; they demanded that he vacate the property by May 30, 2023.  (*See id.*)  Jackson subsequently obtained medical documentation of his limitations and need for his requested accommodations.  (*See id.*)

Jackson sues Defendants for: (1) failure to provide reasonable accommodations under § 3604(f) of the FHA because they did not provide his requested accommodations; and (2) retaliation and interference under § 3617 of the FHA because Defendants issued "a lease termination/nonrenewal notice shortly after Jackson requested accommodations.  (*Id.* at 3-4.)  He seeks actual,

compensatory, and punitive damages, costs of court, and pre- and post-judgment interest.  (*See id.* at 5.)

## II.  PRELIMINARY SCREENING

Because Jackson has been granted leave to proceed in forma pauperis in this action, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2).  (*See* Dkt. No. 9.)  Section 1915(e)(2) provides for sua sponte dismissal of a complaint, or any portion thereof, if the Court finds it "is frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke*, 490 U.S. at 325.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Mere "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action" are insufficient to state a claim upon which relief may be granted.  *Id.* at 555. The same analysis for determining a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) applies to determine whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii).  *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011).

## III.  ANALYSIS

As the Court has noted, Jackson sues Defendants for alleged violations of the FHA, namely, failure to make reasonable accommodations under § 3604(f) and unlawful retaliation and intimidation under § 3617.  (*See* Dkt. No. 8 at 3-4.)

3

The FHA was enacted "to provide, within constitutional limitations, for fair housing throughout the United States." 42 U.S.C. § 3601. Relevant here, § 3604(f) of the FHA prohibits discrimination "in the sale or rental [of]" or "the terms, conditions, or privileges of a sale or rental of. . ., or in the provision of services or facilities in connection with" a dwelling because of a handicap. 42 U.S.C. § 3604(f)(1), (2). For purposes of § 3604(f), discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a handicapped] person equal opportunity to use and enjoy a dwelling[.]" 42 U.S.C. § 3604(f)(3)(B). Section 3617 of the FHA makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed . . . any right granted or protected by section . . . 3604 of this title." 42 U.S.C. § 3617. Generally, an aggrieved person seeking to enforce a provision of the FHA must file suit within two years of the alleged discriminatory housing practice. *See* 42 U.S.C. § 3613(a)(1)(A); *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 533 n.10 (5th Cir. 1996).

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015) (citation and internal quotation marks omitted); *see also Douglas v. Dorchester Props. Ltd.*, No. 3:22-CV-100-K-BN, 2023 WL 5156337, at *4 (N.D. Tex. May 17, 2023), *rec. adopted*, 2023 WL 5155287 (N.D. Tex. Aug. 9, 2023).

Here, Jackson's live complaint alleges that Defendants violated the FHA by failing to provide his requested handicapped-related accommodations of a lower-level housing unit and closer parking, and subsequently retaliating against him by issuing a lease termination notice.  (*See* Dkt. No. 8 at 2-4.)  That notice demanded that Jackson vacate the property by May 30, 2023.  (*See id.* at 2.)  Jackson's allegations make it evident that the discriminatory and retaliatory acts of which he complains occurred no later than May 30, 2023.  (*See id.*)  As such, the two-year statute of limitations applicable to his FHA claims expired at least nine months before he filed this action. (*See* Dkt. No. 3); 42 U.S.C. § 3613(a)(1)(A).  Further, Jackson does not allege any facts showing the existence of an applicable basis for tolling his FHA claims.  *See* 42 U.S.C. § 3613(a)(1)(B).

Because Jackson has failed to assert a timely claim under the FHA or to show that his FHA claims were tolled before the statute of limitations expired, the Court should dismiss his FHA claims with prejudice under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

## IV.  LEAVE TO AMEND

Notwithstanding a failure to plead sufficient facts, a pro se plaintiff ordinarily should be granted leave to amend his complaint before dismissal.  *See Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).  Jackson has already amended his complaint once, and the time to file objections to this recommendation allows Jackson an opportunity to cure the deficiencies discussed by the Court and thereby show the Court that his case should not be dismissed with prejudice at this time and

that he should instead be granted leave to amend.  *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects.  If the plaintiff does not provide a copy of the amended complaint nor explain how the defects may be cured, a district court may deny leave." (internal citations omitted)).

If Jackson fails to show that leave to amend should be granted within the time to file objections to this recommendation, the Court should dismiss this case with prejudice.

## V.  RECOMMENDATION

The Court should **DISMISS** this action with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO RECOMMENDED** on June 1, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).